Robert J. ENRIGHT, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 77 Civ. 449.

United States District Court, S. D. New York.

Sept. 14, 1977.

---

Prisoners' Legal Services of New York, New York City, for petitioner; Susan N. Herman, Pierce Gerety, Jr., New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., for respondent; Denise Cote, Frederick T. Davis, Asst. U. S. Attys., New York City, of counsel.

METZNER, District Judge:

This is a motion by the government for reargument of the court's opinion and order of July 13, 1977, on the grounds that the court did not consider whether the decision in *United States v. Mauro*, 544 F.2d 588 (2d Cir. 1976), *petition for cert. filed*, 45 U.S. L.W. 3765 (U.S. May 13, 1977) (No. 76–1596), should be given retroactive effect. This motion for reargument is granted.

The Second Circuit's decision in *Mauro* was one of first impression. 544 F.2d at 589. The holding of that court established for the first time the theory that the use of the writ of habeas corpus ad prosequendum (the "writ") was a detainer under the Interstate Agreement on Detainers, 18 U.S.C. App. (the "Agreement"). *Mauro's* progeny, *United States v. Ford*, 550 F.2d 732 (2d Cir. 1977), and *United States v. Cyphers*, 556 F.2d 630 (2d Cir. 1977), while following this theory, have not directly dealt with the issue of retroactivity.

The issue of *Mauro's* retroactive effect is not material in this case, however, in view of the fact that the government actually lodged a detainer against the petitioner. By reason of having lodged the detainer, the government is bound by the terms of the Agreement "whether or not a writ of habeas corpus ad prosequendum constitutes a 'detainer' . . . ." *United States v. Ford, supra* at 742.

In this case, as in *Ford*, the government used the writ to demand that the petitioner be produced, after an actual detainer had been lodged. "[O]nce a federal detainer has been lodged against a state prisoner the habeas writ constitutes a 'written request for temporary custody' within the meaning of Article IV of the Detainer Act." *United States v. Ford, supra.*

The government became a party to the Agreement in 1970 when it was enacted into law by the Congress. It is clear from the terms of the Agreement that the government is a "state" bound by all the Agreement's provisions. Agreement, *supra* Article II(a). While an argument can be made that the government was unaware that it had to comply with the terms of the Agreement when it proceeded against a prisoner solely by the use of the writ, *cf. United States v. Scallion*, 548 F.2d 1168 (5th Cir. 1977), such an argument cannot successfully be made when it proceeds by actually lodging a detainer. The decision in *Ford* holding the writ to be a "request" under the Agreement is not a novel interpretation requiring a determination as to its retroactive effect.

Accordingly, the court adheres to the opinion and order of July 13, 1977, and the order is stayed for a period of 30 days from the date of this order. The government may file a notice of appeal within this 30-day period, should they be so advised, and should such a notice of appeal be filed, the writ shall be further stayed pending the decision on the appeal.

So ordered.